IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REMBER GENARO MOLINA,<br>Petitioner,<br>v.<br>GENA JONES,<br>Respondent. | Case No. 23-cv-02238-CRB<br><br>**ORDER DENYING PETITIONER'S MOTION FOR A STAY OF FEDERAL PROCEEDINGS** |

Petitioner Rember Genaro Molina seeks to stay the proceedings in this action so that he can return to state court and exhaust two claims that he did not raise in his initial habeas petition but wants to raise in an amended petition. Because those claims are untimely, and therefore futile, the Court **DENIES** Molina's motion to stay.

I.   BACKGROUND

In July 2018 a jury convicted Molina of five counts of child sex offenses. See Pet. for Writ of Habeas Corpus (dkt. 1) ¶¶ 5–6. Molina appealed his conviction in California state court, which culminated in the California Supreme Court denying his petition for review on February 16, 2022. See People v. Molina, No. A155785, 2021 WL 5822400 (Cal. App. Ct. Dec. 8, 2021); People v. Molina, No. S272603, 2022 Cal. LEXIS 839 (Cal. Feb. 16, 2022). Molina's judgment became final 90 days later, on May 17, 2022, when the deadline passed for him to file a writ of certiorari with the U.S. Supreme Court. U.S. Sup. Ct. R. 13.1; see also Bowen v. Roe, 188 F.3d 1157, 1158–59 (9th Cir. 1999) ("the period of 'direct review' in 28 U.S.C. § 2244(d)(1)(A) includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court").

Molina filed a petition for a writ of habeas corpus in federal court on May 8, 2023. See generally Habeas Corpus Pet. In his petition Molina raised three claims:

(1) that the trial court violated Molina's Fifth, Sixth, and Fourteenth Amendment rights by admitting expert testimony about Child Sexual Abuse Accommodation Syndrome, or CSAAS, id. ¶ 12;

(2) that the trial court violated Molina's Fourteenth Amendment rights by giving a modified jury instruction that allowed the jury to consider the CSAAS evidence as proof of the victim's truthfulness, id. ¶ 16; and

(3) that the prosecutor violated Molina's Fourteenth Amendment rights by knowingly presenting false testimony—specifically, by introducing a recording with statements made by the alleged victim, even though the victim recounted those statements at trial, id. ¶ 20.

Respondents do not dispute that these three claims were timely and had been exhausted in state court. See Answer (dkt. 16) at 2.

Next, in December 2023, Molina sought to amend his habeas petition to add two more claims: one claim asserting that his trial counsel was ineffective for failing to object to the CSAAS evidence, retain his own expert, and retain a private investigator; and one claim that he was actually innocent of the crimes of which he was convicted. See Mot. to Amend (dkt. 21) at 3–4. Molina conceded that he had not exhausted either of these new claims in state court, id. at 3, so the Court denied his motion to amend. Order (dkt. 26).

Molina now seeks a stay of proceedings in this action so he can exhaust his state-court remedies with respect to the two new claims. Mot. for a Stay (dkt. 27).

## II.   DISCUSSION

Molina seeks a stay of his federal habeas proceedings pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), or, in the alternative, pursuant to Rhines v. Weber, 544 U.S. 269 (2005). Molina's alternative motion for a Rhines stay fails at the outset, though, because "Rhines applies to stays of mixed petitions [i.e., petitions asserting both exhausted and unexhausted claims], whereas the three-step procedure [under Kelly] applies to stays

of fully exhausted petitions." Jackson v. Roe, 425 F.3d 654, 661 (9th Cir. 2005) (emphasis in original). Molina's operative petition is fully exhausted, not mixed, so his only option is to seek a stay under Kelly.

In Kelly, the Ninth Circuit authorized a three-step procedure whereby habeas petitioners could stay properly exhausted claims in their federal petitions while returning to state court to exhaust any additional, unexhausted claims they wished to raise. 315 F.3d at 1070. The procedure is as follows: (1) a petitioner amends his federal habeas petition to remove any unexhausted claims, (2) the court holds the petition (now fully exhausted) in abeyance until the petitioner has exhausted the claims that he removed, and then (3) the petitioner amends the stayed petition to add the newly exhausted claims. Id. But Kelly "does nothing to protect a petitioner's unexhausted claims from untimeliness" while the petition is stayed, so "the newly exhausted claims must be either timely under the statute of limitations or must 'relate back' to the claims in the fully exhausted federal petition." King v. Ryan, 564 F.3d 1133, 1140–42 (9th Cir. 2009). Respondent argues that Molina's new claims are untimely, which would make a Kelly stay futile.

Molina's new claims are not timely on their own terms. AEDPA provides a one-year statute of limitations, which in this case expired on May 17, 2023. See 28 U.S.C. § 2244(d)(1)(A) (limitations period begins once the state-court judgment becomes final). Molina sought to amend his complaint to raise his new claims seven months later, at which point those claims were untimely. He asserts that the statute of limitations "has been tolled since Petitioner's Reply in Support of Stay that time with 250 days remaining," Reply (dkt. 32) at 3, but he identifies no authority to explain why he is entitled to tolling. Nor would tolling even help Molina: he filed his Reply after his new claims were already time-barred, so tolling would not relieve him from the statute of limitations. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed.").

Nor do Molina's new claims relate back to the claims that he properly exhausted. An amendment relates back when the new claim "arose out of the conduct, transaction, or

3

1    occurrence set forth or attempted to be set forth in the original pleading." Mayle v. Felix,
2    545 U.S. 644, 656 (2005) (quoting Fed. R. Civ. P. 15(c)(2)).  In the context of habeas
3    proceedings, the amended petition must "state claims that are tied to a common core of
4    operative facts," not merely "the same 'trial, conviction, or sentence.'" Id. at 664.  Under
5    this framework, a claim of error by a trial court generally does not relate back to a claim of
6    ineffective assistance of trial counsel (or vice versa) because the "core facts" of the two
7    claims are "different in type." Schneider v. McDaniel, 674 F.3d 1144, 1151 (9th Cir.
8    2012).  It makes no difference whether the underlying legal issues are the same.  See id.
9    (new claim that trial court erred by denying defendant's motion to sever trials does not
10   relate back to earlier claim that trial counsel was ineffective for failing to investigate
11   codefendant's trial strategy); Skinner v. Madden, No. CV 16-6968-AB, 2018 WL
12   6131218, at *6 (C.D. Cal. May 4, 2018) (new claim that trial counsel was ineffective for
13   failing to object to prosecutorial misconduct does not relate back to earlier claim of
14   prosecutorial misconduct).  Likewise, a new actual-innocence claim—which would require
15   exculpatory evidence, see House v. Bell, 547 U.S. 518, 554–55 (2006)—cannot relate back
16   to earlier claims that do not rely on exculpatory evidence.  Lisle v. Filson, No. 03-cv-1005-
17   JCM, 2018 WL 3231238, at *17 (D. Nev. July 2, 2018).  Molina's new claims (that his
18   trial counsel was ineffective and that he was actually innocent) therefore cannot relate back
19   to his timely claims (that the trial court and prosecutor violated his constitutional rights by
20   admitting certain evidence and giving certain jury instructions).
21        Because Molina's new claims are untimely on their own terms and cannot relate
22   back to his timely claims, a Kelly stay would be futile.  The Court therefore **DENIES**
23   Molina's motion for a stay pending exhaustion of his state-court remedies.  The parties are
24   instructed to file a joint status update by November 25, 2024, in which they indicate
25   whether any other issues must be resolved before the Court rules on Molina's petition.
26        **IT IS SO ORDERED.**
27        Dated: November 4, 2024          

     CHARLES R. BREYER
     United States District Judge

4